IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **FIRST PENTECOSTAL CHURCH OF HOLLY SPRINGS**, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:20-CV-119-MPM-RP |
| v. | ) ) | |
| **CITY OF HOLLY SPRINGS, MISSISSIPPI**, | ) ) ) | |
| Defendant. | ) | |

**<u>VERIFIED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES</u>**

Plaintiff, by and through counsel, complains as follows:

**<u>INTRODUCTION</u>**

1. Yesterday, April 22, 2020, three Holly Springs police officers disrupted Plaintiff's peaceful mid-week Bible Study and shut it down on threat of criminal citations for violation of Holly Springs' Stay Home Order, despite the fact that Plaintiffs were practicing social distancing and complying with all applicable health requirements. Ten days earlier, on Easter Sunday, April 12, 2020, Defendant's police officers interrupted Plaintiff's worship service and issued a citation to Pastor Jerry Waldrop for violating the Stay Home Order. Plaintiffs seek immediate and long-term relief from this unconstitutional order.

2. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the actions of Defendant City of Holly Springs, with respect to Plaintiff's right to conduct

religious services within the City. Plaintiffs seek a declaration that the Holly Springs Stay Home Order, issued March 23, 2020 violates the First and Fourteenth Amendments to the United States Constitution on its face and as interpreted and applied by the City, a temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting Defendant and its agents from enforcing the Stay Home Order against the Church for holding religious services.

3. In addition to declaratory and injunctive relief, Plaintiffs seek nominal damages for the past violations of their First Amendment rights.

4. Plaintiff is a church that peacefully exercises its First Amendment rights within Holly Springs. It conducts worship services every Sunday at 2:00 p.m. and Bible Study every Wednesday night at 7:30 p.m.

5. Defendant City of Holly Springs is a municipality organized under the laws of the State of Mississippi and is subject to suit under 42 U.S.C. §1983 and the common law.

6. Plaintiffs wish to continue to engage in their peaceful activities without undue interference from Defendant and its intrusive Stay Home Order.

## **JURISDICTION AND VENUE**

7. This action raises federal questions under the First and Fourteenth Amendments of the United States Constitution and under federal law, 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgments), as well as 42 U.S.C. §§ 1983, 1988 and 1920.

8. This Court has jurisdiction over these federal claims under 28 U.S.C. §§ 1331 and 1343.

9. This Court has authority to grant the requested injunctive relief under 28 U.S.C. § 1343(3), the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, the claim for damages under 42 U.S.C. § 1983, and Plaintiffs' prayer for costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and 28 U.S.C. § 1920.

10. Venue is proper in the Northern District of Mississippi pursuant to 28 U.S.C. § 1391, because the claims arose in this District and Defendant is located in this District.

## FACTUAL ALLEGATIONS

11. Plaintiff is an unincorporated church located at 1040 Hwy 178East, Holly Springs MS 38635, that has faithfully met and served the Holly Springs community for over 40 years.

12. Plaintiff believes that the Bible is the inspired Word of God and the sole authority for faith and practice.

13. Plaintiff believes the Bible teaches that gathering together to worship and to study the Bible is an essential duty and necessary to the growth of the church and its members.

14. On Sunday, April 5, 2020, in response to the COVID-19 pandemic, Plaintiff held services outdoors. Plaintiff's members at all times practiced social distancing during the services.

15. On Easter Sunday, April 12, 2020, Plaintiff planned to hold outdoor services, but due to inclement weather the services were moved indoors. Once again, Plaintiff and its members practiced social distancing. Nevertheless, three Holly Springs police officers interrupted the services, demanded that they be shut down, and ultimately cited Pastor Waldrop for violation of the Holly Springs Stay Home Order.

16. On Wednesday, April 22, 2020, Plaintiff held a Bible Study. There were approximately 35 in attendance, and all practiced social distancing. Once again, Holly Springs police officers swooped down and shut down the study on threat of criminal citation for violation of the Stay Home Order.

17. Counsel for Plaintiff wrote the mayor and city attorney seeking some compromise whereby the church could at least hold drive-in services next Sunday, April 26, 2020. *See* Exhibit 1, copy of letter dated April 23, 2020. No response was received.

**Holly Springs' Stay Home Order**

18. On March 23, 2020, Holly Springs issued a Stay Home Order requiring all citizens to stay home unless engaged in essential activities and ordering all nonessential businesses and social activities to close. *See* Exhibit 2, copy of Stay Home Order.

19. The Stay Home Order deems churches nonessential: "Nonessential businesses include, but are not limited to, retail stores, shopping centers, hair salons, barber shops, gyms, dance studios, event centers, restaurants, liquor stores, nail salons, offices, and churches." Ex. 2, p. 2.

20. The Stay Home Order imposes a blanket prohibition on "any gathering of people in any facility within the City limits of Holly Springs." *Id.*, p. 2. Under this provision, the pastor and his wife are prohibited from entering the pastor's office even to make phone calls to Plaintiff's parishioners.

21. The Stay Home Order defines essential businesses loosely: "Essential businesses shall include, but are not limited to, medical facilities, hospitals, pharmacies, veterinarian clinics, gas stations, banks, grocery stores, and hardware stores." *Id.*, p. 3.

22. The Order contains no expiration date, but states that it shall be reviewed every thirty (30) days. *Id.*

23. Violation of the Order is punishable by a fine not exceeding five hundred dollars ($500.00) or imprisonment for not exceeding six (6) months or both. Miss. Code Ann. §33-15-43.

**The Statewide Stay Home Order Preempts the Holly Springs Order**

24. A statewide order, Executive Order 1463 (EO 1463), was issued on March 24, 2020. (*See* Ex. 3 attached). EO 1463, as amended by EO 1466 (copy attached as Ex. 4), similarly imposes a requirement that residents stay home unless engaged in essential activities or limited exceptions. Significantly, however, EO 1466 deems "religious entities including religious and faith-based facilities" as Essential Businesses or Operations. EO 1463 at p. 5, par. 3c.

25. Essential Businesses and Operations are exempt from the limitation on gatherings over 10 people. *Id*. at pp. 2-3, par. 3a.

26. Moreover, Executive Order 1466 specifically limits the authority of local jurisdictions to "impose restrictions that prevent any Essential Business or Operation as identified in Executive Order No. 1463 . . . from operating at such level necessary to provide essential services and functions." EO 1466 at p. 3, par. I.i.

**Defendant has Selectively Enforced its Order**

27. Although the City has aggressively enforced the Order against Plaintiff, it has not enforced the Order against others despite clear violation of the terms of the Order.

28. For example, the Order prohibits even essential businesses from allowing gatherings "of more than ten (10) persons." Order, pp. 2-3. Nevertheless, the local Walmart store routinely houses gatherings of dozens and dozens of people, as does the Cash Savers store and the Dollar Tree store, yet Defendant has taken no action whatsoever against any of these entities.

29. In fact, immediately after Plaintiff's Easter Service Pastor Waldrop and several congregants drove directly to Walmart, entered the store, walked around among dozens of other customers, and then left. Having told the police their intention to go to Walmart several officers were present while Pastor Waldrop and others walked around the store. The Holly Springs police officers did nothing to disperse the gathering of more than ten persons, however.

30. Due to the threats and the citation of Pastor Waldrop, Plaintiff is fearful of holding services on Sunday and exercising its constitutionally protected rights.

31. Defendant's Stay Home Order and its application against Plaintiff inflicts irreparable injury on the First and Fourteenth Amendment rights of Plaintiff and others.

32. Unless and until this Court issues injunctive relief, Defendant will continue to enforce its Order through its officers, servants, agents, and employees, further infringing Plaintiff's constitutional rights.

33. All of the acts of Defendant and their officers, servants, agents, and employees, as alleged herein, were done and are continuing to be done under color and pretense of the statutes, ordinances, regulations, policies, customs, and usages of the City of Holly Springs and the State of Mississippi.

### FIRST CAUSE OF ACTION
### Violation of the Right of Freedom of Religion
### Under the First Amendment to the U.S. Constitution

34. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-33 above.

35. Plaintiff's religious activities are protected by the Free Exercise Clause of the First Amendment to the United States Constitution.

36. The Stay Home Order substantially burdens Plaintiff's right to the free exercise of religion by prohibiting it from holding worship services and Bible Studies.

37. The Stay Home Order interferes with Plaintiff's ability to carry out its religious doctrine, faith, and mission.

38. Defendant's Stay Home Order does not serve any compelling government interest by prohibiting even drive-in church services.

39. Defendant's Stay Home Order does not serve any compelling government interest in the least restrictive manner.

40. The Stay Home Order violates the Free Exercise Clause of the First Amendment to the United States Constitution both on its face and as applied.

41. Defendant's Stay Home Order is arbitrary and standardless.

42. Plaintiff has no adequate remedy at law for the violation of its federal constitutional rights.

WHEREFORE, Plaintiff respectfully pray that the Court grant the relief set forth hereinafter in the prayer for relief.

## SECOND CAUSE OF ACTION
### Violation of the Free Speech Clause under the First and Fourteenth Amendments to the U.S. Constitution

43. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-42 above.

44. Plaintiff's right to meet to worship and preach the gospel of Jesus Christ is protected by the Free Speech Clause of the First Amendment.

45. Plaintiffs' religious activities are protected by the Free Exercise Clause of the First Amendment to the United States Constitution.

46. The Stay Home Order infringes Plaintiff's free speech rights under the United States Constitution.

47. No compelling, substantial, or even legitimate governmental interest exists to justify Defendant's restrictions on Plaintiff's speech, especially in view of Plaintiff's' compliance with the Social Distancing Requirements recommended by the CDC.

48. The Stay Home Order does not employ the least restrictive means to serve any compelling government interest.

49. The Stay Home Order is not a valid time, place, and manner restriction on speech.

50. The Stay Home Order's restrictions on speech are not narrowly tailored to serve any legitimate government interest.

51. The Stay Home Order violates Plaintiff's right to freedom of speech under the First Amendment to the United States Constitution.

52. Plaintiff has no adequate remedy at law to protect its fundamental constitutional right to free speech.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

### THIRD CAUSE OF ACTION
### Violation of the Freedom of Assembly under the First and Fourteenth Amendments to the U.S. Constitution

53. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-52 above.

54. The First Amendment prohibits the government from violating Plaintiff's right to peaceably assemble.

55. The Stay Home Order violates Plaintiff's right to peaceably assemble.

56. The Order does not serve any legitimate, rational, substantial, or compelling government interest.

57. The City has alternative, less restrictive means to achieve any legitimate government interest.

58. The Stay Home Order violates the right to assemble under the First Amendment to the United States Constitution both on its face and as applied.

59. Plaintiff has no adequate remedy at law to protect its fundamental constitutional right to peaceably assemble.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## FOURTH CAUSE OF ACTION
### Violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution

60. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-59 above.

61. The Due Process Clause prohibits the City from depriving Plaintiff of life, liberty, or property without due process of law.

62. The Right to due process includes the right to be free from vague guidelines delegating unbridled discretion to government officials.

63. The Stay Home Order violates the Due Process Clause by failing to specifically define essential and nonessential businesses and activities, by failing to set

forth clear mandates, and by allowing government officials to pick and choose which entities they enforce it against and to which it applies strictly.

64. The Stay Home Order violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution on its face and as applied.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

### FIFTH CAUSE OF ACTION
### Violation of the Mississippi Religious Freedom Restoration Act

65. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-64 above.

66. Mississippi's Religious Freedom Restoration Act (MRFRA), Miss. Code Ann. §11-61-1(5), prohibits the government from substantially burdening a person's exercise of religion unless it can demonstrate that it is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest.

67. MRFRA applies to the City of Holly Springs and Plaintiff here.

68. The Stay Home Order substantially burden's Plaintiff's exercise of religion.

69. The Stay Home Order does not further a compelling government interest, and is not the least restrictive means of furthering any compelling government interest.

70. The Stay Home Order violates MRFRA both on its face and as applied against Plaintiff.

71. Plaintiff is suffering irreparable harm as a direct result of Defendant's Stay Home Order.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered in its favor and that relief be granted against Defendant as follows:

A. That this Court assume jurisdiction over this action;

B. That the Court enter a Temporary Restraining Order restraining Defendant from enforcing the Stay Home Order against Plaintiff for its constitutionally protected speech, assembly, and free exercise of religion;

C. That the Court enter a Preliminary Injunction continuing to restrain Defendant from enforcing the Stay Home Order against Plaintiff for its constitutionally protected speech, assembly, and free exercise of religion;

D. That the Court enter a Permanent Injunction continuing to restrain Defendant from enforcing the Orders against Plaintiff for its constitutionally protected speech, assembly, and free exercise of religion;

E. That the Court declare the Stay Home Order both on its face and as applied by Defendant unconstitutional because it violates the rights of Plaintiff and others not before the court to the freedom of speech, the freedom to peaceably assemble, and the free exercise of religion, which are guaranteed to Plaintiff and others under the United States Constitution;

    F.    Award Plaintiff nominal damages;

    G.    Award Plaintiff its costs of litigation, including reasonable attorneys' fees and costs; and

    H.    Grant such other and further relief as this Court deems just and proper.

FOR THE PLAINTIFF,

**Thomas More Society**

By: /s/Stephen M. Crampton
Mississippi Bar No. 9952
309 W. Washington St, Ste. 1250
Chicago, IL 60606
Direct: (312) 782-1680
Fax: (312) 782-1887
Email: scrampton@thomasmoresociety.org

*Attorneys for Plaintiffs*

## VERIFICATION

I, Jerry Waldrop, am over the age of 18 and serve as the pastor of the First Pentecostal Church of Holly Springs, the Plaintiff in this action. The statements and allegations that pertain to the church made in this VERIFIED COMPLAINT are true and correct, based upon my personal knowledge (unless otherwise indicated), and if called upon to testify as to their truthfulness, I would and could do so competently. I declare under penalties of perjury, under the laws of the United States, that the foregoing statements are true and correct.

Executed this 23rd day of April, 2020.

_____
Jerry Waldrop